IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JODIE MAUSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-3-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Plaintiff Jodie Mauss's ("Mauss") Motion to Remand, filed February 11, 2011. (Doc. # 9). It is hereby ORDERED that there will be an evidentiary hearing on that motion on March 9, 2011 at 9:00 AM in Courtroom 2A, United States Courthouse, One Church Street, Montgomery, Alabama.

## PROCEDURAL HISTORY

Mauss initially filed a complaint in state court against Derrick Smith ("Smith"), a member of the United States Army stationed at Fort Rucker, Alabama. The United States Attorney for the Middle District of Alabama certified pursuant to 28 U.S.C. § 2679 that Smith was acting within the scope of his employment as an employee of the United States Army at the time of the incident giving rise to this action. (Doc. # 1). This certification served to substitute the United States for Smith as the defendant in the case. After substitution, the United States then removed to federal court. *Id.* Mauss filed an Amended Complaint (Doc. # 8) which seeks to undo the substitution of the United States and reinstate

Smith as the defendant in this case. Mauss then filed a Motion to Remand the case, due to an absence of claims based in federal law and diversity between the parties. (Doc. # 9). For the reasons explained below, Neither Mauss's Amended Complaint nor her Motion to Remand have the legal effect of removing the United States as a defendant.

## SUBSTITUTION OF THE UNITED STATES FOR SMITH

The Westfall Act immunizes employees of the United States government for their "negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment." 28 U.S.C. § 2679(b)(1). It provides that when the Attorney General[1] certifies that a United States employee was acting within the scope of his employment at the time of the event giving rise to the civil claim, the United States *shall* be substituted as the party defendant. *See* 28 U.S.C. § 2679(d)(1) & (2); *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 431-32 (1995) (emphasis added). Such a substitution occurs by operation of law, and the plaintiff need not agree to such a substitution.[2]

The United States Supreme Court held that the Attorney General's certification "does not conclusively establish as correct the substitution of the United States as defendant in

---

[1] The Attorney General delegated this authority by regulation to the United States Attorneys and the Assistant Attorney General for the Civil Division, Department of Justice, who regularly make scope of employment certification decisions. *See* 28 C.F.R. § 15.3. In this case, the Certification of Scope of Employment was signed by the United States Attorney for the Middle District of Alabama.

[2] Mauss contends in her Motion to Remand that the case should be remanded because she did not "agree to or change her Complaint to name the Defendant as The United States of America." (Doc. # 9). However, the text of 28 U.S.C. § 2679(d)(2) makes clear that her consent is not required to effectuate the substitution.

place of the employee." *Gutierrez de Martinez*, 515 U.S. at 434. Indeed, such a certification is subject to judicial review by this Court. *See Flohr v. Mackovjak,* 84 F.3d 386, 390 (11th Cir. 1996). When a district court reviews such a certification, the certification is *prima facie* evidence that the employee acted within the scope of his employment. *Id.* The burden of proving that the employee acted outside the scope of employment is on the plaintiff. *Id.* The Court applies the law of the state where the incidents giving rise to liability occurred to the legal issue of whether the conduct at issue was within the scope of the employee's employment. *Id.* Thus, due to the allegations of Mauss's Amended Complaint, Alabama law is the applicable legal for the determination of the scope of employment issue.

In making the *de novo* determination of whether a federal employee was acting within the scope of his employment, a federal court may have an evidentiary hearing, as it chooses to do in this case. *See S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538 (11th Cir. 1990), *as amended by*, 924 F.2d 1555 (11th Cir.), *cert. denied,* 502 U.S. 813 (1991) (remanding case to district court for a *de novo* hearing on whether the federal employee's conduct occurred within the scope of his employment and permitting plaintiff discovery on the question).

In order to dismiss the United States and reinstate Smith as the defendant in this case, Mauss must present competent evidence that creates a factual issue material to whether the federal employee acted within the scope of his federal employment. *See, e.g., March VI Invest., L.P. v. McKay,* No. Civ. 94-D-1570-N, 1996 WL 903289 at *5 (M.D. Ala. July 26, 1996); *Pritchett v. Milstid,* 891 F. Supp. 1541, 1544 (S.D. Ala. 1995). As Mauss has not

3

presented any evidence either in her Amended Complaint or on her Motion to Remand, this evidentiary hearing is Mauss's opportunity to present such evidence.[3] If Mauss does not carry her burden, her Amended Complaint will be stricken and the United States will remain the defendant in this case.

Under Alabama law, which will govern in this case, scope of employment determinations are guided by the principles of *respondeat superior*. *See, e.g., Perry v. United States,* 936 F. Supp. 867, 874 (S.D. Ala. 1996); *Pritchett,* 891 F. Supp. at 1545. Under those principles an act is taken within the scope of the employee's employment if it was incident to carrying out the duties assigned by the employer even when the employer did not authorize the specific means by which the employee sought to accomplish the employer's business. *See, e.g., Wood v. Holiday Inns, Inc.,* 508 F.2d 167, 174 (5th Cir. 1975)[4] (applying Alabama law); *Perry,* 936 F. Supp. at 874, 875; *Pritchett,* 891 F. Supp. at 1545-46.

DONE this the 14th day of February, 2011.

      /s/ Mark E. Fuller
     CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The statements made in Mauss's Amended Complaint, namely that as a civilian she is not subject to investigation, are **not** evidence but merely allegations. Mauss must go beyond her Amended Complaint and present evidence through affidavits, testimony, documents, etc. that Smith was acting outside the scope of his employment when the alleged conduct took place.

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.